Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999
Email:         matt.jaksa@hro.com

Attorneys for Plaintiffs,
LAFACE RECORDS LLC; CAPITOL RECORDS, INC.; WARNER BROS. RECORDS INC.; UMG RECORDINGS, INC.; BMG MUSIC; and ARISTA RECORDS LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| LAFACE RECORDS LLC, a Delaware limited liability company; CAPITOL RECORDS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company,<br><br>            Plaintiffs,<br><br>    v.<br><br>JOHN DOE,<br>            Defendant. | CASE NO. 5:07-CV-04875-JF<br><br>**Honorable Jeremy Fogel**<br><br>*EX PARTE* **APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND TIME TO SERVE DEFENDANT AND [**~~PROPOSED~~**] ORDER** |

Plaintiffs respectfully request that the Court continue the case management conference currently set for February 15, 2008, at 10:30 a.m. to May 16, 2008.  Plaintiffs further request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant with the Summons and Complaint.  As further explained below, Plaintiffs have discovered the identity of the Doe defendant in this case and the parties have reached a provisional settlement; Plaintiffs thus seek additional time to amend the complaint and effectuate service in the event the settlement fails.  In support of their request, Plaintiffs state as follows:

1. The initial case management conference is set for February 15, 2008, at 10:30 a.m., as previously continued by the Court pursuant to the Clerk's Notice filed on December 19, 2007.  The current deadline for service of process is January 18, 2008.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on September 20, 2007.  Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, California State University, Monterey Bay.

3. In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4. The Court entered an Order for Leave to take Immediate Discovery on October 2, 2007, which was promptly served upon the ISP along with a Rule 45 subpoena.  On November 30, 2007, the ISP responded to Plaintiffs' subpoena, providing Plaintiffs with identifying information including Defendant's name, telephone number, and address.

5. Upon receipt of this information from the ISP, Plaintiffs sent a letter to Defendant on December 18, 2007 notifying her of their claims for copyright infringement and encouraging her to

1

Ex Parte Application to Continue CMC and Extend Time to Serve Defendant and [Proposed] Order
Case No. 5:07-cv-04875-JF
#34949 v1

make contact to attempt to amicably resolve this matter.  In response to that notification, settlement discussions took place and Plaintiffs believe that a settlement has been reached.  Settlement documents were sent to Defendant on December 31, 2007, which have not yet been returned signed by Defendant.

6. If Defendant returns the signed settlement documents by February 15, 2008 or shortly thereafter, Plaintiffs will file appropriate dispositional documents with the Court.  If she does not, Plaintiffs plan to file a First Amended Complaint naming her individually as the defendant in this case, and then proceed to serve process upon her.

7. Given the circumstances of this case, Plaintiffs respectfully request that the case management conference be continued to May 16, 2008, or such other date as conveniences the Court.  Plaintiffs also request an additional 90 days to effectuate service.

8. Plaintiffs submit that their efforts to give written notice to Defendant of their claims and subsequent efforts to resolve the case before naming her in the lawsuit constitute good cause for any delay in perfecting service.  *See Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (stating good cause standard for service extensions).  Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to obtain the identity of the defendant through the subpoena to the ISP.  This Court has discretion to enlarge the time to serve even where there is no good cause shown.  *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

9. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired.  *See* 17 U.S.C. § 507(b) (2000).  There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

10. Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: January 17, 2008                               HOLME ROBERTS & OWEN LLP

By: _____*/s/ Matthew Franklin Jaksa*_____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs

### [~~PROPOSED~~] ORDER

Good cause having been shown:

**IT IS ORDERED** that the case management conference currently set for February 15, 2008, at 10:30 a.m. be continued to May 16, 2008.

**IT IS FURTHER ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to April 17, 2008.

Dated: __1/23/08_____                     By:_____
                                                Honorable Jeremy Fogel
                                                United States District Judge

3

Ex Parte Application to Continue CMC and Extend Time to Serve Defendant and [Proposed] Order
Case No. 5:07-cv-04875-JF
#34949 v1